**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONTE CARROO<br><br>          Plaintiff,<br><br>v.<br><br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY<br><br>          Defendant. | Civil Action No.: 25-cv-17059<br><br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on defendant Rutgers, The State University of New Jersey's ("Defendant" or "Rutgers") motion to dismiss, ECF No. 7, plaintiff Leonte Carroo's ("Plaintiff") Complaint, ECF No. 1-1, under Federal Rule of Civil Procedure 12(b)(6). The Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion is granted.

**WHEREAS** this case arises out of Defendant's allegedly "unauthorized and uncompensated" commercial use of Plaintiff's name, image, and likeness ("NIL") during Plaintiff's time as a star college football player at Rutgers from September 2012 to May 2016. *See generally* ECF No. 1-1 ("Compl."). Plaintiff contends that Rutgers profited by using his NIL to sell merchandise and tickets and that Plaintiff was not paid for these uses. *Id.* ¶ 13. He filed suit on October 2, 2025, in the Superior Court of New Jersey Law Division Hudson County alleging federal antitrust violations under the Sherman and Clayton Acts and state law claims for the misappropriation of NIL and unjust enrichment. *Id.* ¶¶ 24–62. Rutgers then timely removed the case to this Court and filed the instant motion to dismiss. ECF Nos. 1, 7; and

**WHEREAS** to survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In evaluating the sufficiency of a complaint, a court must "draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of 'further factual enhancement,'" will not withstand dismissal. *Iqbal*, 556 U.S. at 678 (citations and brackets omitted); and

**WHEREAS** Defendant moves to dismiss under Rule 12(b)(6) because Plaintiff's claims are barred by the statute of limitations. *See* ECF No. 7-1 ("Def. Br.") at 8–10; *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("[T]he law of this Circuit . . . permits a limitations defense to be raised by a motion under Rule 12(b)(6)."). Plaintiff's antitrust claims are subject to a four-year statute of limitations, and his unjust enrichment and misappropriation of NIL claims are subject to a six-year limitations period. *See In re Fragrance Direct Purchaser Antitrust Litig.*, No. 23-02174, 2025 WL 579639, at *9 (D.N.J. Feb. 21, 2025) ("Sherman Act claims are subject to a four-year statute of limitations."); *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 45 (E.D. Pa. 2007) ("The Clayton Act mandates a four-year statute of limitations for civil antitrust actions."); *Rumbauskas v. Cantor*, 649 A.2d 853, 858 (N.J. 1994) (stating that misappropriation of likeness claims are governed by a six-year statute of limitations); *Spellman v. Express Dynamics, LLC*, 150 F. Supp. 3d 378, 391 (D.N.J. 2015) ("The statute of limitations for an unjust enrichment claim in New Jersey is six years."). For antitrust claims, the "cause of action generally accrues and the statute of limitations begins to run when a defendant commits an act that injures a plaintiff's

2

business." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 105–06 (3d Cir. 2010) (cleaned up); and

**WHEREAS** the Court agrees with Defendant that Plaintiff's antitrust, unjust enrichment, and misappropriation of NIL claims are time barred under their respective statutes of limitations. Plaintiff states "[t]his is an action for damages arising from [Rutgers' wrongful conduct] *during his tenure* as a student-athlete from September 2012 to May 2016." Compl. ¶ 1 (emphasis added). He further alleges "[t]hroughout [his] time at Rutgers, his NIL was regularly and extensively utilized" and that "Rutgers, *during [Plaintiff's] time as a student-athlete*, unjustly profited from [Plaintiff's] significant contributions and pervasive public persona." *Id.* ¶¶ 12, 19 (emphasis added). Plaintiff does not otherwise allege that Rutgers engaged in anticompetitive behavior, misappropriated his NIL, or was unjustly enriched beyond May 2016. As such, Defendant's last alleged wrongdoing occurred in May 2016. So, Plaintiff had to bring his antitrust claims by May 2020 under the four-year statute of limitations and his unjust enrichment and misappropriation of NIL claims by May 2022 under the six-year statute of limitations. He did not do so, as he filed this suit in October 2025. Accordingly, Plaintiff's claims are time-barred; and

**WHEREAS** Plaintiff contends that his antitrust claims are not time-barred because the statute of limitations for his antitrust claims was equitably tolled under the *American Pipe* doctrine. ECF No. 9 ("Pl. Opp.") at 4–6. This is unavailing. "*American Pipe* provides that the timely filing of a class action lawsuit tolls the applicable statute of limitations for putative class member[s' individual claims] until the propriety of maintaining the class is determined." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 607 (3d Cir. 2018). Plaintiff asserts that the class action suit, *House v. National Collegiate Athletic Association*, tolled his claims. *See* No. 20-3919 (N.D. Cal. filed June 15, 2020); Compl. ¶¶ 2–3, 16–19; Pl. Opp. 5–6. *House* involved similar claims to Plaintiff's,

3

and the court certified a class of former college football players that played from June 2016, through September 2024.[1] *See In re Coll. Athlete NIL Litig.*, 803 F. Supp. 3d 959, 973 (N.D. Cal. 2025). Critically for Plaintiff, the complaint in *House* was filed on June 15, 2020. As discussed above, Plaintiff does not allege any conduct beyond May 2016. So, the four year-statute of limitations ran in May 2020. Therefore *House*, which was filed after Plaintiff's statute of limitations ran, cannot toll his antitrust claims under the *American Pipe* doctrine; and

**WHEREAS** Plaintiff next contends that his antitrust claims are timely under the continuing violations doctrine. Pl. Opp. at 6–10. Under the continuing violations doctrine, a plaintiff can bring suit for an alleged antitrust violation that occurred outside the four-year limitations period if "acts that occurred within the limitations period were reaffirmations of decisions originally made outside the limitations period." *W. Penn Allegheny Health Sys., Inc.*, 627 F.3d at 107. In other words, to invoke the continuing violations doctrine, Plaintiff would need to allege that Rutgers engaged in anti-competitive acts in the four years preceding this suit, and those acts were related to Rutgers' allegedly unlawful acts that occurred outside the limitations period. The problem for Plaintiff is that, as discussed above, he does not allege any wrongdoing beyond May 2016. For instance, he does not allege that Rutgers continued to profit from Plaintiff's

---

[1] Plaintiff graduated Rutgers in May 2016 and concedes that he is not a member of the *House* class. Compl. ¶¶ 1–3, 17–19.

NIL inside the statute of limitations period for this lawsuit.[2]  Therefore, Plaintiff cannot rely on the continuing violations doctrine for his antitrust claims, and his claims are time-barred.[3]

Accordingly, **IT IS** on this 24th day of July 2026,

**ORDERED** that Defendant's motion to dismiss (ECF No. 7) is **GRANTED** and the complaint is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion.  Insofar as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added.  *See* L. Civ. R. 15(b)(2).

**SO ORDERED**.

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] In his opposition brief, Plaintiff alleges that Defendant continued to use "[P]laintiff's NIL (in hallways, on merchandise, in marketing) years after his graduation" and claims that "[t]he ongoing leveraging of [P]laintiff's identity for institutional profit is an injurious act that perpetually affirms the anti-competitive restraint."  Pl. Opp. at 9–10.  These allegations and claims, however, are not within the four corners of the Complaint, so the Court may not consider them in issuing this Opinion and Order.  *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Plaintiff's argument that the continuing violations doctrine tolls the statute of limitations for his unjust enrichment claim is unavailing for the same reason.  *See* Pl. Opp. at 15–16.  He argues that the "benefit received by Rutgers did not disappear upon his graduation in May 2016."  *Id.* at 15.  Rather, Plaintiff contends Rutgers continues to benefit from "residual recruitment appeal," the value of Plaintiff's goodwill, and the "continuous retention" of revenue generated by Plaintiff during his time as a football player.  *Id.*  These allegations are not in the Complaint so they may not be considered at this time. *Com. of Pa. ex rel. Zimmerman*, 836 F.2d at 181.

[3] Because the Court decides this motion on statute of limitations grounds it does not reach the Parties' remaining arguments as to whether Plaintiff adequately pled a cause of action.  *See* Def. Br. at 22–26; Pl. Opp. at 10–16.